Jose Antonio SANCHEZ–LAPARRA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72630.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Joaquin A. Talleda, Pasadena, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wernery, Esq., Brenda M. O'Malley, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Jose Antonio Sanchez–Laparra, a native and citizen of Guatemala, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of his claims for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion, *INS v. Elias–Zacharias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's reliance on the 1997 Department of State report and findings that, with the signing of the peace accords, the political landscape in Guatemala changed, Civilian Self–Defense Patrols (PAC's) have been eliminated, and Sanchez–Laparra's situation in the future would be one of personal vengeance and not persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions in Guatemala where the agency rationally construed the 1997 country report and conducted an individualized analysis of how the changed conditions will affect the petitioner's situation).

Because Sanchez–Laparra failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

We decline to address Sanchez–Laparra's claim based on membership in a social group because he failed to exhaust administrative remedies on this claim. *See Ochave v. INS*, 254 F.3d 859, 867 n. 3 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Sanchez–Laparra's voluntary departure period will begin to run on the issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

